IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOAN CICCHIELLO,

        Plaintiff,

v.                                                                   Civil Action No. 3:23-CV-88
                                                                    (GROH)

MS. SLINKA,

        Defendant.

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

      Comes now the Defendant, Tammylee Slinka, by and through counsel, and hereby files this Reply to Plaintiff's *Response To Defendant's Motion To Dismiss* (ECF No. 48).

      Respondent primarily wishes to stand upon the facts and arguments previously asserted in the pending Motion to Dismiss and Memorandum ("Defendant's Memorandum") filed in support thereof (ECF Nos. 45 and 46) and maintains that this Court should dismiss the pending Complaint. However, Defendant will briefly and specifically respond to each of the issues raised in Plaintiff's response.

**ARGUMENT**

      Plaintiff does not appear to meaningfully dispute Defendant's summary of Plaintiffs claims in Defendant's Memorandum, nor does Plaintiff give any response to the legal arguments made by Defendant in its motion to dismiss, which cited *Bivens, Carlson. Egbert, et al*, at length.

      Instead of responding to Defendant's arguments, Plaintiff seems to newly raise or reiterate four positions which she claims merit survival of her Bivens claims: (1) her administrative remedy process was frustrated; (2) there was "raw sewage" in her cell; (3) deliberate indifference by not placing Plaintiff on the bottom bunk; and (4) deliberate indifference because her cellmate was "a

man."[1] While each of Plaintiff's counts is squarely addressed in Defendant's Memorandum, Defendant replies to each of these four particular issues as follows:

First, as indicated in Defendant's Memorandum, Plaintiff's claims that her administrative remedy process was frustrated is not a recognized Bivens claim. The Supreme Court has never recognized a Bivens remedy to include access to court claims. See *Poole v. Gordon*, 2023 WL 6542258, at *3 ("Here, the plaintiff's claims – denial of access to the courts under the First Amendment…[is a] new Bivens context"); see also *Isla v. Derr*, 2022 WL 2291686, at *3-4 (D. Haw. June 24, 2022) (There is no Bivens remedy where an inmate alleges he was denied access to the courts because his request for administrative remedies were ignored). Accordingly, Plaintiff's Claim #2 under the First Amendment should be dismissed. This type of claim rests in other mechanisms.

Second, Plaintiff's claims that "raw sewage" was in her cell is not a recognized Bivens action; a similar claim was rejected by the Fourth Circuit Court of Appeals in light of *Egbert*. In *Tate v. Harmon*, the Plaintiff alleged that "his cell was filthy and covered with mold; that the temperatures in his cell could be extraordinarily cold; that he was given soiled and inadequate bedding; that he was provided undersized toilet paper and a virtually unusable toothbrush; that he was not provided adequate cleaning supplies." 54 F.4th 839, 842 (4th Cir. 2022). The Fourth Circuit went on to analyze *Bivens* and *Egbert*, and determined that these claims were not cognizable, noting that such systemic claims would expand *Bivens* liability. *Id*. 54 F.4th 839, 846. Here, "raw sewage" in a cell legally indistinguishable from the allegations in *Tate*, and must be dismissed.

---

[1] Though poorly articulated Plaintiff appears to contend, and take issue with the fact, that a biological male was housed with her. Defendant has not sought to confirm such allegations as they are unmerited, irrelevant, and outside the allegations in her Complaint.

Third, and finally, Plaintiff's claims of (3) deliberate indifference by not placing Plaintiff on the bottom bunk; and (4) deliberate indifference because her cellmate was "a man" can be easily dismissed.[2] There is no *Bivens* claims even remotely similar to allegations of being placed on the wrong bunk or being placed with a cellmate whom the inmate does not wish to reside with. Without reiterating the litany of reasons such claims should not be extended here, as indicated in Defendant's Memorandum, under *Egbert* the "unusual circumstances" necessary to extend *Bivens* do not exist in this case.

## CONCLUSION

In addition to the arguments presented herein, and as made clear in Defendant's Memorandum (ECF 46), the clarified framework set forth in *Egbert* makes clear that Plaintiff's *Bivens* claims arise in a new context, and there are sound reasons for this Court "to defer to Congress" rather than create an implied damages remedy. In particular, the existence of alternative processes in this case counsels against recognizing a *Bivens* remedy against Defendant Slinka. For the reasons stated herein, Plaintiff's *Bivens* claims are not cognizable and must be dismissed.

WILLIAM IHLENFELD
UNITED STATES ATTORNEY

By: */s/ Jordan V. Palmer*
Assistant United States Attorney
W. Va. Bar # 12899
United States Attorney's Office
P.O. Box 591
1125 Chapline Street, Suite 3000
Wheeling, WV 26003
(304) 234-0100 office
(304) 234-0110 facsimile

---

[2] Plaintiff betrays herself by arguing in her Amended Complaint that she was placed with an "aggressive inmate" and in her response arguing that her roommate was "a man" without any indication of any wrong or aggressive act this roommate made. She argues that "transgenders need to be placed on one campus" and has no complaints about any actions her roommate ever took. *See* Doc 48. p.5.

Jordan.Palmer@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**JOAN CICCHIELLO,**

    **Plaintiff,**

  v.                                    Civil Action No. 3:23-CV-00088 (GROH)

**MS. SLINKA,**

    **Defendant.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the ***DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS*** was electronically filed with the Clerk of the Court by using the CM/ECF system on 20th day of November, 2023, which will provide a copy to all counsel of record. The foregoing document has been furnished for delivery via first-class mail to the following non-CM/ECF participant:

Joan Cicchiello
35 West Avenue
Mt. Carmel, PA 17851
USA

                                      WILLIAM IHLENFELD
                                      UNITED STATES ATTORNEY.
              By:   */s/ Jordan V. Palmer*
                                      Assistant United States Attorney
                                      W. Va. Bar # 12899
                                      United States Attorney's Office
                                      P.O. Box 591
                                      1125 Chapline Street, Suite 3000
                                      Wheeling, WV  26003
                                      (304) 234-0100
                                      (304) 234-0110 fax
                                      Jordan.Palmer@usdoj.gov

                                      *Counsel for Defendant*